(176 App. Div. 388)

O'BRIEN v. BOYLE et al. (REPUBLICAN COUNTY COMMITTEE OF BRONX COUNTY et al., Interveners).

(Supreme Court, Appellate Division, First Department. October 5, 1916.)

COUNTIES ⊙═65—DISTRICT AND PROSECUTING ATTORNEYS ⊙═2(5)—REGISTER OF DEEDS ⊙═2—SHERIFFS AND CONSTABLES ⊙═5—TERM OF OFFICE—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Under Const. art. 10, § 1, providing that sheriffs, clerks of counties, district attorneys, and registers shall be chosen every 3 years, except in the counties of New York and Kings, and in counties whose boundaries are the same as those of a city where they shall be chosen once in every 2 or 4 years as the Legislature shall direct, the term of such officers in Bronx county, thereafter formed from a part of the existing county of New York, was 3 years, and Bronx County Act (Laws 1912, c. 548) § 3, providing for the election of such officers for 4 years, was in conflict therewith and void.

[Ed. Note.—For other cases, see Counties, Dec. Dig. ⊙═65; District and Prosecuting Attorneys, Cent. Dig. §§ 6, 7; Dec. Dig. ⊙═2(5); Register of Deeds, Cent. Dig. §§ 3–6; Dec. Dig. ⊙═2; Sheriffs and Constables, Cent. Dig. §§ 9–13; Dec. Dig. ⊙═5.]

Scott, J., dissenting.

Appeal from Special Term, Bronx County.

Mandamus on relation of James F. O'Brien against Edward F. Boyle and others, as Custodians of Primary Records and as Commissioners of Election, etc., in which the Republican Committee of Bronx County and the Democratic Committee of Bronx County intervened. From

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

an order granting a peremptory writ of mandamus, Boyle and others, as Custodians, etc., appeal. Order reversed, and motion for peremptory mandamus denied.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and SMITH, JJ.

Terence Farley, of New York City, for appellants.

Joseph M. Callahan, of New York City, for respondent.

Julius D. Tobias, of New York City, for interveners.

DOWLING, J.  The question involved in this appeal is whether the tenure of office of the sheriff, district attorney, county clerk, and register of deeds of Bronx county is for 3 or 4 years.  The officials in question were elected at the general election held in November, 1913, for a term of four years and received certificates from the secretary of state certifying to their election for such term.  The board of elections of the city of New York on August 15, 1916, deemed that there was a conflict between the provisions of the statutes of the state and the Constitution as to the length of the terms of office of the officials in question, and thereupon unanimously voted that it was the sense of the board that the following officers in Bronx county should be voted for at the coming election, namely, district attorney, sheriff, county clerk, and register of deeds.  The board of elections intending, in pursuance of such action, to transmit, issue, and publish the notice of primary and general elections for the year 1916, and to include therein a statement that such officials were to be voted for both at the primary and general elections, the petitioner, who is the sheriff of Bronx county, commenced this proceeding, praying for a peremptory writ of mandamus, requiring said board of elections to refrain from transmitting, issuing, and publishing in the notices of general election of 1916 any statement that elections would be held for the county offices in question in the county of Bronx.  From the order granting the relief sought the present appeal is taken.

The doubt as to the tenure of office of the county officials in question arises because of a conflict between article 10, § 1, of the state Constitution and chapter 548 of the Laws of 1912, being the Bronx County Act.  The statute provides (section 3) that:

"There shall be elected in the said county of Bronx at the general election of 1913 a county judge, a surrogate, a district attorney, a sheriff, a county clerk, and a register of deeds.  The official term of said officers shall be as follows: The county judge, six years; the surrogate, six years; the district attorney, four years; the sheriff, four years; the county clerk, four years; the register of deeds, four years."

It will be noted that the provision fixing the term of office of the county judge complies with the provisions of article 6, § 14, of the Constitution, and therefore no question is raised as to his tenure of office.  In like manner, the tenure of office of the surrogate is fixed in conformity with the provisions of article 6, § 15, of the Constitution, which provide that the successors of the surrogates then in office—

"shall be chosen by the electors of their respective counties and their terms of office shall be six years, except in the county of New York, where they shall continue to be fourteen years."

No question is raised in this proceeding as to the surrogate's term of office. But the Constitution (article 10, § 1) provides that:

"Sheriffs, clerks of counties, district attorneys and registers in counties having registers, shall be chosen by the electors of the respective counties, once in every three years and as often as vacancies shall happen, except in the counties of New York and Kings, and in counties whose boundaries are the same as those of a city, where such officers shall be chosen by the electors once in every two or four years as the Legislature shall direct."

Unless Bronx county comes within one of the exceptions specified in the Constitution, it is obvious that the tenure of office of the officials in question followed the general rule laid down therein, and was limited to 3 years, and the board of elections were therefore correct in taking steps to enable the electors to vote for their successors at the coming general election.

It is contended that, although Bronx county had no existence at the time of the adoption of the new Constitution and its future existence could not have been in the minds of those who framed it, still, as the territory embraced in the present Bronx county formed a part of the then existent county of New York, it is included within the exception, and the Legislature had power to fix the terms of office of the county officials in question at either two or four years. So to hold would be a distortion and extension of the plain language of the Constitution, which would, in effect, be judicial legislation. No particular rights were conferred upon territory embraced in the excepted counties of New York and Kings. The only effect of the provision was to empower the Legislature to fix terms of office for the county officials in question in those counties which would bring about their election in those years when the city election in the city of New York was to take place, for these county officials performed acts which were intimately connected with the general administration of city affairs. But this practice was not followed for the whole city, for the counties of Richmond and Queens, which also form a part of the city, still elect their county officials for three-year terms and are not claimed to be within the exception. So that Bronx county will not be the only county embraced in the city limits whose county officials are elected for a 3-year term, but with Richmond and Queens will constitute a majority of the counties embraced within the city limits which follow that rule. The argument as to the advisability of having such elections at the same time as the city elections is one that may appeal to the lawmaking power, but is without force when addressed to those who are enforcing the law as it stands. As instancing the anomalous situation in which the Bronx County Act placed the county officials, it may be pointed out that the act made the term of the surrogate of Bronx county 6 years, although, if the arguments of the relator herein are sound, the surrogate, being elected in territory which was a part originally of the county of New York, would be entitled to a 14-year term of office under the provisions of article 6, § 15, heretofore quoted.

The conclusion seems to be justified that the exemption of the counties of New York and Kings was and is intended solely for the political divisions of the state bearing that title, and cannot be extended so as

to carry the exemption to portions of the territory originally embraced in such counties and thereafter transferred to other counties or created into new counties.

Nor does Bronx county come within the second exception, for its boundaries are not the same as those of the City of New York.

It follows, therefore, that under the Constitution the county officials of Bronx county in question were elected for terms which could not ·exceed 3 years, and the board of elections properly prepared the necessary facilities for the election of their successors at the coming general election.

The order appealed from will therefore be reversed, and the motion for a peremptory writ of mandamus in all respects denied, with costs to the appellants against the respondent.

Order reversed, with $10 costs and disbursements, and motion denied. All concur, except

SCOTT, J. (dissenting). The sole question involved in this appeal is whether or not the territory now embraced within the county of Bronx and formerly embraced in the county of New York is exempted from the general provisions of article 10, § 1, of the state Constitution, which prescribes that:

"Sheriffs, clerks of counties, district attorneys and registers in counties, having registers, shall be chosen by the electors of the respective counties, once in every three years and as often as vacancies shall happen."

The exception is applied to "the counties of New York and Kings, and in counties whose boundaries are the same as those of a city," in which it is provided that "such county officers shall be chosen by the electors once in every two or four years as the Legislature shall direct."

When this constitutional provision was enacted (1894) the county of New York, as then established, comprised all, or very nearly all, of the territory now embraced in the county of Bronx, which was set apart from the county of New York and erected into a new county by chapter 548, Laws of 1912. The question, as it seems to me, is as to what the exception in the section of the Constitution above quoted was intended to apply to, whether it was intended to apply to the territory which in 1894 was designated by the term "county of New York," or merely to such territory as might at any time thereafter be known as the county of New York. If the latter view is the correct one, the Legislature might, at any time, have defeated the intent of the Constitution by changing the name of the county of New York, even as it stood in 1894.

Obviously the exception was inserted in the section because of the conditions which prevailed in the counties of New York and Kings, and not merely because of the names which those counties then bore. Those conditions applied in 1894, and still apply to the territory comprised within those counties, and it seems to me to be reasonably clear that it was the view of the framers of the Constitution of 1894 that a different rule as to the tenure of county officers should apply in the thickly populated, urban territory then comprised in the counties of New York and Kings, from that which applied in other parts of the

state. The framers of the Constitution were dealing with conditions as they existed when the Constitution was made, and no construction should be given to that document which would defeat its apparent purpose, if any other construction is permissible. I think that it was the intention of the Constitution that as to the territory then known as the counties of New York and Kings the county officers enumerated in article 10, § 1, should thereafter be elected for 2 or 4 years, and not, as in other parts of the state, for 3 years, and that the Legislature could not, if it would, have defeated that intention by changing the names of the excepted counties, or by subdividing them and erecting new counties out of parts of them. That this is the view taken by the Legislature is made apparent by section 3 of the Bronx County Act.

I therefore think that the order appealed from was right, and should be affirmed.